IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOUGLAS DODD,<br><br>               Plaintiff<br><br>VS.<br><br>NURSE BROOME, *et al.*,<br><br>               Defendants | NO. 5:03-CV-348 (DF)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff DOUGLAS DODD is an inmate in the custody of the State of Georgia. He has sued defendants AUBREY JONES, Warden of Care and Treatment, and JOYCE BROOME, R.N., alleging that the defendants violated his constitutional rights while he was incarcerated at Frank Scott State Prison in Hardwick, Georgia, and Central State Hospital in Milledgeville, Georgia. Plaintiff claims that defendant BROOME falsely accused him of having symptoms of mental illness and falsified medical records to document a psychotic episode in order to have him transferred to Central State Hospital. Plaintiff also claims that he did not receive notice and an opportunity to object to his emergency hospitalization.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #18. The motion is supported by a brief, affidavits, medical records, and a deposition. The court advised the plaintiff of said motion and of his duty to respond properly thereto. Tab #22. The plaintiff has filed a response to the defendants' motion. Tab #24. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION
### 1. Defendant Jones

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendant JONES based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff DODD fails to allege any causative link between defendant JONES and the denial of his constitutional rights; that is, he is seeking to impose liability upon this defendant because of his position as Deputy Warden of Care and Treatment at Scott State Prison. Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against this defendant solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant JONES is entitled to summary judgment.

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## 2. Defendant Broome

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.* Plaintiff has alleged no action on the part of the defendant Broome that violates any federally protected right. Plaintiff claims that defendant Broome violated his due process rights by falsifying his medical records to reflect that he had a psychotic episode. However, there is absolutely no evidence that defendant Broome falsified any records. The evidence does shows that defendant Broome merely documented her observations of plaintiff's behavior on December 23, 2002, and January 8, 2003. Thereafter, Drs. Kane, Du, and Castillo approved plaintiff's transfer to Central State because plaintiff stated that he no longer felt safe in segregation. Defendant BROOME had no part in this decision. Because the plaintiff cannot show that defendant BROOME'S conduct of documenting his behavior violated any of his constitutional rights, she is entitled to summary judgment.[2]

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #18) be **GRANTED**. Under 28 U.S.C. §636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom the case is assigned within ten (10) days after being served with a copy of this order.

SO RECOMMENDED, this 12th day of JULY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff also claims that he did not receive notice and an opportunity to object the his emergency hospitalization at Central State Hospital. However, the record shows that neither defendant JONES nor BROOME had anything to do with this claim. Further, that record reflects that plaintiff was presented with a "Consent To Mental Health Or Treatment" form which he signed. There is no evidence that plaintiff was coerced into signing this form. By signing the form, plaintiff waived his rights to a hearing. Thus, he voluntarily waived his right to a hearing and consented to treatment.